Kimberly A. Beatty
Daniel J. Auerbach
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad St. Suite 300
Missoula, MT 59802
(406) 728-1694
(406) 728-5475 - Facsimile
kim@bkbh.com
daniel@bkbh.com
christy@bkbh.com

Attorneys for Health Care Service Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TRINA HEALTH OF MONTANA LLC, HAROLD LARON BRIGGS, BARRY BRIGGS, and HAROLD L. GROGAN,<br><br>      Plaintiffs,<br>  v.<br><br>HEALTHCARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF MONTANA,<br><br>      Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

    Defendant Health Care Service Corporation, an Illinois mutual legal reserve company ("HCSC") hereby removes Cause No. DV-17-14044, *Trina Health of Montana LLC, et al. v. Healthcare Service Corporation*, from the Montana Fifth Judicial District Court, Beaverhead County, pursuant to 28 U.S.C. §§ 1331, 1332,

and 1441.[1]  Removal of this action is proper because the amount in controversy exceeds $75,000.00 and there is complete diversity between Plaintiffs and Defendant.  Removal of this action is also proper based on the existence of a federal question.  Specifically, the claims of Harold LaRon Briggs are subject to ERISA preemption.  In support of this Notice, HCSC respectfully states the following:

## I.     Removal Is Timely

Plaintiff's Petition for Declaratory Judgment and Application for Preliminary and Permanent Injunctive Relief (the "Petition") was initially filed on October 23, 2017. *See* Petition, attached hereto as Exhibit A.  The Fifth Judicial District Court entered a Temporary Restraining Order and Order to Show Cause on October 24, 2017.  *See* Temporary Restraining Order and Order to Show Cause, attached hereto as Exhibit B.  HCSC has not yet been served with the Petition.  This notice of removal is filed within thirty days of the filing of the Petition; therefore, removal is timely. 28 U.S.C. § 1446(b)(1).

//

---

[1] By filing this Notice of Removal, HCSC does not waive and hereby expressly preserves its right to enforce the arbitration provision contained in the provider contracts between HCSC and Plaintiff Trina Health.  *See Hoffman v. Swift Transp. Co., Inc.*, 2007 WL 4268769, at *1-*3 (D. Or. Nov. 30, 2007); *see also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008).  HCSC intends to file a motion to compel arbitration shortly after removal of this matter.

## II. Venue

Venue for removal is proper in this district and division because this district and division embrace the Fifth Judicial District Court, Beaverhead County, Montana, the forum in which the removed action was pending. 28 U.S.C. § 1441(a).

## III. Diversity Jurisdiction

There is diversity jurisdiction in this Court because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Citizenship of Plaintiff

Plaintiffs are Montana citizens and residents of Dillon, Beaverhead County, Montana. *See* Exhibit A, ¶¶ 4, 5, 6, 8, and 9.

### B. Citizenship of HCSC

Health Care Service Corporation is an Illinois mutual legal reserve company with its principal place of business or "nerve center" in Illinois. Therefore, HCSC is an Illinois citizen for diversity purposes. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) ("nerve center" of corporation determines residency for diversity purposes). Blue Cross and Blue Shield of Montana (BCBSMT) is an unincorporated operating division of Health Care Service Corporation. Because BCBSMT is a division of Health Care Service Corporation, it is a citizen of

Illinois, the state of HCSC's citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company "is a citizen of every state of which its owners/members are citizens"); *cf., e.g.*, *Fisher v. Blue Cross & Blue Shield of Texas*, 879 F.Supp.2d 581, 587 (N.D. Tex. 2012) (finding that Blue Cross and Blue Shield of Texas, another of HCSC's divisions, is a citizen of Illinois for diversity purposes).

  **C.** **Amount in Controversy**

Plaintiffs seek injunctive relief and a determination that certain medical treatments are covered under their policies and seek an order requiring HCSC to cover and reimburse claims for those treatments for all patients of Plaintiff Trina Health of Montana LLC ("Trina"). The value of services that Plaintiffs seek to have paid for by HCSC, as requested in the sixth and seventh claims for relief in the Petition, exceeds $75,000.00.

HCSC reimbursed Trina more than $139,000 over an approximately 19-month period for claims relating to the treatment at issue. *See* Affidavit of Jamie C. Smith, attached hereto as Exhibit C, ¶¶ 3-4. That averages out to more than $7,300 per month. HCSC has no reason to believe that if it is ordered to reimburse Trina for the treatment at issue going forward, the volume of Trina's claims will be lower than it was during that previous 19-month period. *See id.*, ¶ 6.

Accordingly, if a preliminary injunction is entered, and if trial takes place 12 months from now (a conservative estimate), HCSC will be expected to pay out at least $87,600 in advance of trial. If Plaintiffs are ultimately successful at trial, HCSC will be expected to incur an additional $87,600 in the following year alone. This exceeds the $75,000 jurisdictional threshold.

**IV.     Federal Question Jurisdiction**

In addition, the Court has federal-question jurisdiction over Plaintiff Harold LaRon Briggs' claims by virtue of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et. seq. ("ERISA"). Plaintiff Harold LaRon Briggs' health insurance coverage is governed by ERISA because, as reflected in the first page of Exhibit 1 to Plaintiffs' Petition, he obtained his coverage via an employer, Brundage Funeral Home. *See, e.g.*, 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan" under ERISA). His claims seek "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Accordingly, ERISA preemption applies to Plaintiff Briggs' state-law claims, and ERISA provides the basis for federal jurisdiction. 28 U.S.C. § 1331; 29 U.S.C. §§ 1132, 1144.

//

//

## V. <u>Notice to State Court and Opposing Party</u>

Pursuant to 28 U.S.C. § 1446(d) and L.R. 3.3(a), HCSC will promptly give Plaintiffs written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Fifth Judicial District, Beaverhead County, Montana, where the action is pending.

## VI. <u>Conclusion</u>

For the above stated reasons, HCSC respectfully requests that the above described case be removed from the Fifth Judicial District Court, Beaverhead County, Montana, to the United States District Court for the District of Montana.

DATED this 25th day of October, 2017.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By /s/*Kimberly A. Beatty*
Kimberly A. Beatty
Daniel J. Auerbach
M. Christy S. McCann

Attorneys for Health Care Service Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2017, a true copy of the foregoing was served:

Via ECF to the following parties:

Erin Freeman MacLean
Freeman & MacLean, P.C.
44 W. 6th Ave., Ste. 210
P. O. Box 884
Helena, MT 59624

Via Regular First Class to the following parties:

Laurie Zmrzel
5112 Bailey Loop
McClellan, CA 95652


    /s/ *Kimberly A. Beatty*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.